Curia per
Nott, J.
The presiding Judge appears to have acted under an erroneous impression with regard to the decisions of this Court: It is true, that this Court has decided that lands are bound by judgments in eases of summmary process only from the time they are entered on the judgment docket. That decision was made pursuant to the express and literal provisions of the act which declares that they shall bind lands from that time only; but it does not affect the judgment in any other respect. Suppose the Legislature should declare that judgments in other cases should operate as a lien on lands only, from the time of the entry of the execution in the sheriff’s office, all the other attributes of the judgment would remain as before. Previous to the act alluded to, judgments in cases of summary process were not considered as having any binding efficacy on lands, and the only object of the law was to give them that effect, and to prescribe the time when the lien should commence. But this is not a new question. I have a very distinct recollection, that it was decided by the constitutional Court, I think more than twenty years ago, that the decree appearing on the records of the Court, as entered by the Judge himself, must be considered as the judgment of the Court. The opinions of the Judges were then delivered ore tenus. Their decisions are not reported, and are therefore preserved in the memory of those who heard them, or such memoranda as were taken by the *293 members of the bar, who were present. Judge Waties himself was then a member of that Court, and seems to have been well aware of the opinions of the Judges, and would have been governed by them, but for the erroneous impression which he had received of the later decisions. It is certainly consistent with the theory of all our legal proceedings in ordinary cases. All the proceedings, up to the joining of the issue, are considered as the acts of the parties, after which comes the verdict of the Jury, which assesses the amount of debt or damages, and then follows the judgment of the Court. The object of the judgment is to give consistency to the proceedings. It is a mere link intended to complete th@ chain, upon which the execution is to issue; and although it professes to be the act of the Court, it is the exclusive act of the Clerk, in which the judge has no participation; but in a summary process there is no verdict. The decree itself is the act and judgment of the Court. It is immediately entered by the Clerk, in the presence of the Judge, and there is nothing further necessary to complete the chain of proceeding. No other judgment is ever entered up in the Clerk’s office, and it would be mere tautology to do so. It is true, that when the Clerk issues an execution, he writes the petition, judgment, &c. to which the execution is annexed ; but the judgment which goes out, with the execution, is only a copy from the minutes of the Court. It is not filed in the Clerk’s office as a record. It is a mere fleeting paper, which runs from the sea coast to the mountains, and n ay linger for years in a sheriff’s office, and perhaps be lost and never returned from whence it has been sent. Such a paper surely can give no additional security to the rights of the parties. If it should be said, that a judgment ought to be regularly entered up and filed in the Clerk’s office, it may be -answered that such has never been the practice in these *294 summary proceedings, and therefore such has never beeu the construction given to the act. And for what purpose shall it be done ? it would be bat a copy of what is already there, and therefore of less authority. It would be substituting a fugitive paper for a permanent and stable record of the Court, and therefore lessening the security which it afforded. If the party cannot maintain an action on the judgment in this form, he is without any remedy; as no other judgment is ever entered up, until the execution issues. And suppose an execution had been issued, and a copy were not produced, it would be inferior evidence, as every remove from an original always is.
I am of opinion that the action was well supported, and that the decision must be reversed. The motion to set aside the nonsuit is therefore granted.

Nonsuit set aside.